# GOVERNMENT'S

# EXHIBIT

# 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-80059-Cr-CANNON/REINHART

UNITED STATES OF AMERICA,

                    Plaintiff,

vs.

FREDY ALEXANDER AVILA,

                    Defendant.

_____/

## PLEA AGREEMENT

The United States of America (hereinafter "the United States" or "this Office")
and FREDY ALEXANDER AVILA (hereinafter referred to as the "defendant"), hereby
enter into the following agreement:

1.      The defendant agrees to plead guilty to the sole Count of the Information,
which count charges the defendant with Knowingly and Intentionally Attempting to
Possess with Intent to Distribute a mixture and substance containing a detectable
amount of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1),
841(b)(1)(C), 846, and Title 18, United States Code, Section 2. The defendant agrees
that he is, in fact, guilty of that offense.

2.      In return for the defendant's agreement to plead guilty to the sole count of
the Information, the United States agrees to move to dismiss the indictment originally
filed in this case at time of sentencing.  The United States further agrees to a joint

recommendation that the defendant be sentenced to the low end of the guidelines the Court finds applicable to his offense of conviction, as further explained below.

3.     The United States further agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.   The United States, will not be required to make this motion and recommendation, or the non-binding sentencing stipulations set forth below, however, if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official; or, (4) attempts to withdraw his guilty plea after a finding by the Court that such was knowingly and voluntarily made.

4.      **Agreement to Guidelines Sentence:** This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court impose a sentence within the advisory sentencing guideline range produced by application of the Sentencing Guidelines. Although not binding on the probation office or the Court, this Office and the defendant further agree that they will jointly recommend that the Court neither depart upward nor depart downward under the Sentencing Guidelines when determining the advisory sentencing guideline range in this case.

5.      The defendant is aware that the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines").   The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered.   The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines.   The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence.   Knowing these facts, the defendant understands and acknowledges that the

3

Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1, and that the defendant may not withdraw the plea solely as a result of the sentence imposed, or the Court's decision not to follow the parties' non-binding sentencing stipulations.

6.    **Application of the "Safety Valve":** This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that, pursuant to Section 5C1.2 of the Sentencing Guidelines, the Court impose a sentence without regard to any statutory minimum sentence identified below, provided that:

(a)    The defendant is not found to have more than four criminal history points, as determined under the Sentencing Guidelines;

(b)    Not later than the time of the sentencing hearing, the defendant provides to this Office a statement truthfully setting forth all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan as charged in the indictment.   The government notes that the defendant has already complied with this requirement; and

(c)    The defendant is not found to have used violence or threats of violence, or to have possessed a firearm or other dangerous weapon in connection with the offense; that the offense did not result in death or serious bodily injury to any person; and that the defendant is not found to have been an organizer, leader, manager or supervisor of others in the offense.   The government notes that it has no information or evidence that in connection with the offense, the defendant possessed a firearm or other dangerous weapon, or served as an organizer, leader, manager or supervisor of others.

4

7.      **Maximum Penalties:**   As to the sole Count of the Information, the defendant understands and agrees he faces a maximum penalty of up to twenty (20) years' imprisonment, and a fine of up to one million dollars ($1,000,000), to be followed by a minimum three (3) year, to a maximum life[1] term of supervised release.

8.      **Immigration Warning (Non-Citizen):** Defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status where, as here, the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Indeed, because defendant is pleading guilty to Knowingly and Intentionally Attempting to Possess with Intent to Distribute a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. Defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

9.      The defendant further understand and acknowledges that, in addition to any sentence imposed under the preceding paragraph of this agreement, a special

---

[1]  *See United States v. Sanchez*, 269 F.3d 1250, 1287-88 (11th Cir. 2001)(where statute does not otherwise specify a maximum sentence, maximum sentence is "life").

assessment in the amount of $100.00 will be imposed as to the count of conviction. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.   Payment may be either in the form of cashier's check or money order made payable to the Clerk of Court, Southern District of Florida, or in cash.   It is the prosecuting AUSA's duty to ensure that the special assessment has been paid at the time of sentencing.   If a defendant is financially unable to pay the special assessment, the defendant should be required to present evidence to the United States and the Court as to the reasons for her failure to pay.

10.   **Non-Binding Sentencing Stipulations:**   The United States, the defendant, and defendant's counsel, agree that, although not binding on the Probation Office or the Court,they will jointly recommend that the Court make the following findings and conclusions asto the sentence to be imposed:

a.)   That the section of the United States Sentencing Guidelines (USSG) applicable to the defendant's offense of conviction is USSG § 2D1.1;

b.)   **Quantity of Narcotics:** That the quantity of controlled substance involved in the offense, for purpose of Section 2D1.1(a) and (c) of the Sentencing Guidelines, was **192.0 net grams** of a mixture and substance containing cocaine, a Schedule II controlled substance, which pursuant to USSG §§ 2D1.1(a)(5) and (c)(12), would result in a Base Offense Level of 16;

c.)   That no other specific offense characteristics appear applicable to the defendant or the offense;

d.)   That, assuming the Court finds the defendant qualified for the full three (3) level downward adjustment for Acceptance of Responsibility pursuant to USSG §§

6

3E1.1(a)-(b), the defendant's offense level would be reduced to a Level 13;

e.)    That, assuming the Court finds the defendant qualified under the requirements of the "Safety Valve" his sentence ought to be reduced a further two (2) levels pursuant to Title 18, United States Code, Section 3553(f) and USSG § 2D1.1(b)(18), resulting in an offense Level of 11;

f.)    That the defendant has no scorable criminal history in the United States, and thus is in Criminal History Category I (the defendant has a single Operating Without a Valid License charge from Margate, Florida, resulting in a withhold of adjudication on February 11, 2021);

g.)    Accordingly, the defendant's adjusted Offense Level would be Level 11, Criminal History Category I, resulting in an advisory guidelines range of 8-14 months' imprisonment.

h.)    That the parties respectfully submit, and jointly stipulated and agree to recommend to this Honorable Court, that a sentence at the low end of the aforementioned guidelines, that is, a sentence of eight (8) months' imprisonment, constitutes a just and reasonable sentence and is sufficient, and not greater than necessary, to accomplish the sentencing goals articulated under Title 18, United States Code, Section 3553(a).

11.    The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office"), and the defendant, reserve the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express

7

terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

12.    The defendant is aware that his sentence has not yet been determined by the Court.   The   defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

13.    This Plea Agreement constitutes the entire agreement and understanding between  the  United  States  and  the  defendant. There are no other agreements,

8

promises, representations, or understandings with respect to the defendant's guilty plea except as set forth herein.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date:_____          By:_____
                                JOHN C. McMILLAN
                                ASSISTANT UNITED STATES ATTORNEY

Date: 2/22/22              By:_____
                                SCOTT BERRY
                                ASSISTANT FEDERAL PUBLIC DEFENDER
                                ATTORNEY FOR DEFENDANT

Date:_____          By:_____
                                FREDY AVILA
                                DEFENDANT

Translated into Spanish by: _GEORGE E. NOTARIO_
                                (Printed Name)
                            _____
                                (Signature)

On _22_, _JULY_, 2022, at _2:30PM_, _WPB_, Florida

9